UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | |
| ) | CR07-091ML |
| ONESIMO RAMON ARIAS ) | |

___

OBJECTION TO PRESENTENCE REPORT

    Now comes Onesimo Arias, the Defendant in the above captioned matter, and makes the following objections to the presentence report ("PSR") prepared by the Probation Department in this case.

    Specifically, Mr. Arias objects to the language of ¶ 66 to the extent that it represents a recommendation to the Court by the probation department for an upward departure from the advisory guideline range. The inclusion of qualified disclaimer language in ¶ 65, "[p]resentation of information in this section does not necessarily constitute a recommendation by the probation officer for a departure," has no effect because it leaves open the possibility of that negative recommendation. Further, when probation makes the recommendation for an upward departure it ceases to be a neutral party working for the Court and becomes a sentencing advocate with a stake in the outcome. Mr. Arias, as a defendant facing a very severe sentence, is due full disclosure and notice of such a recommendation both under the Local Rules of Criminal Procedure[1] and his Fifth Amendment Constitutional rights of due process.

    Preliminarily, reserving full argument, the facts here do not warrant an upward departure on the basis of inadequate criminal history.

    Defendant also objects to the language contained in ¶ 40 of the PSR. Specifically the

---

[1] LR Cr 32 Sentencing and Presentence Reports
 (a) Sentences Outside of the Guideline Range. Any request for a sentence outside of the applicable guideline range shall be made by a motion filed and served at least seven (7) days prior to the date scheduled for sentencing and shall be accompanied by a memorandum setting forth the factual and legal grounds for the request.

defendant objects to the language "the defendant advised that his social security number is ███████." When asked by probation at the PSR interview Mr. Arias acknowledged that he was unsure of his social security number but believed that it was ███████  At no time did he assert that it was in fact his social security number.

                                                       Respectfully submitted
                                                       Onesimo Arias
                                                       By his attorney,

                                                       /s/ Mary S. McElroy
                                                     Assistant Federal Defender
                                                     10 Weybosset St., Ste. 300
                                                     Providence, RI 02903
                                                     (401) 528-4281
                                                     FAX 528-4285
                                                     mary_mcelroy@fd.org

## CERTIFICATION

     I hereby certify that a copy of this notice was delivered by electronic notification to Zechariah Chafee, Assistant United States Attorney, and Heather McLoughlin, United States Probation Officer, on November 19, 2007.

                                                     /s/Mary S. McElroy